**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Michael D. Gaskill</u>

   v.                                                       Civil No. 11-cv-274-SM

<u>New Hampshire State Prison et al.</u>

<u>Michael D. Gaskill</u>

   v.                                                       Civil No. 11-cv-381-SM

<u>Lee Houston et al.</u>

<u>Michael D. Gaskill</u>

   v.                                                       Civil No. 11-fp-484

<u>C.O. Azzara et al.</u>

**<u>O R D E R</u>**

   Michael Gaskill has filed motions in each of the above-captioned cases seeking to consolidate this action into a single case. The motions also request subpoenas for two witnesses should this case go to trial.

1. <u>Consolidation</u>

   In both <u>Gaskill v. New Hampshire State Prison</u>, 11-cv-274-SM (the "NHSP case") and <u>Gaskill v. Houston</u>, 11-cv-381-SM (the "Houston case"), Gaskill seeks to consolidate these cases with

each other and with a third case, Gaskill v. Daly, 11-cv-380-PB (the "Daly case"). The Daly case was dismissed on October 12, 2011 (Daly case doc. no. 12).

Since filing consolidation motions in the NHSP case and the Houston case, Gaskill has filed a complaint in a fourth case, Gaskill v. Azzara, 11-fp-484 (the "Azzara case"). The Azarra case has not yet been opened as Gaskill has not yet been granted in forma pauperis status or paid the filing fee. However, Gaskill has filed a motion to consolidate in the Azzara case (Azzara case doc. no. 4), seeking to consolidate that matter with the three previously filed cases identified above.

Having reviewed each of the cases Gaskill seeks to consolidate, the court finds that the claims asserted in the Houston case and the Azzara case have been raised in the NHSP case, and the complaint documents filed in the Houston case and Azzara case do not state additional claims, but instead supplement the claims in the NHSP case. Accordingly, the court finds that the NHSP case, Houston case, and Azzara case should be treated as a single case, for all purposes. See Fed. R. Civ. P. 42(a)(2) (authorizing consolidation of actions involving a common question of law or fact); United States District Court for the District of New Hampshire Local Rule ("LR") 42.1.

The motions to consolidate filed in each of those cases (NHSP case doc. no. 19; Houston case doc. no. 12; Azzara case doc. no. 4) are each granted in part and denied in part. Each motion to consolidate is denied to the extent that it seeks consolidation with the Daly case, as that case is closed. The motions are granted to the extent that they seek to consolidate the NHSP case, the Houston case, and the Azzara case into a single case.

2.  Subpoenas

Gaskill seeks to subpoena two individuals to testify on his behalf in the trial in this matter. Because no trial or other evidentiary hearing is scheduled, Gaskill's requests for subpoenas are denied as premature, without prejudice to renewal should an evidentiary hearing be scheduled in this action.

**Conclusion**

As explained herein, the motions to consolidate[1] and subpoena witnesses in the NHSP case (doc. no. 19), the Houston

---

[1] Gaskill's consolidation motions contain some discussion of the substantive claims asserted in Gaskill's complaint documents. The only relief sought in the motion, however, concerns consolidation and subpoenas. To the extent Gaskill intended to seek any other relief, he must do so by filing a separate motion in the consolidated NHSP case.

case (doc. no. 12), and the Azzara case (doc. no. 4) are granted in part and denied in part. The court hereby directs:

    1.   The clerk's office shall consolidate the Houston case into the NHSP case, for all purposes. Civil case number 11-cv-274-SM is considered to be the main case. Henceforth, the consolidated cases shall be considered as one case and all pleadings will be filed in and captioned with Case No. 11-cv-274-SM.

    2.   So that Gaskill will not be assessed two filing fees for the consolidated action, the court hereby revokes the order setting a payment schedule on Gaskill's motion to proceed in forma pauperis in the Houston case, Civil No. 11-cv-381-SM (doc. no. 8), and voids the prisoner consent provided by plaintiff, filed in the Houston case on August 26, 2011 (doc. no. 9).

    Plaintiff may proceed in forma pauperis in the consolidated case, paying the filing fee on the schedule set by the in forma pauperis order issued in the NHSP case, Civil No. 11-cv-274-SM (doc. no. 4), in accordance with the prisoner consent form filed in that case (doc. no. 6). The clerk's office shall notify the inmate account department at the NHSP regarding this change in the plaintiff's financial obligations. All monies paid to date in the Houston case will be credited toward the filing fee in the NHSP case.

3.   The clerk's office is further directed to redocket the Houston case documents numbered 1, 6, and 11, as addenda to the complaint in the NHSP case, assign them individual document numbers in the consolidated NHSP case, and refile them as of the date of this Order;

4.   The clerk's office shall redocket Azzara case document number 1 as an addendum to the complaint in the NHSP case, assign it an individual document number in the consolidated NHSP case, and refile it as of the date of this Order.

5.   The clerk's office shall administratively close the Houston case, and the Azzara case shall not be opened as a separate civil action.[2]

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date: February 2, 2012
cc:  Michael D. Gaskill, pro se

LBM/jba

---

[2] The Azzara case was never opened as a civil case. Gaskill failed to submit a filing fee or a motion to proceed in forma pauperis as directed in that action. Because the court finds that the complaint filed in the Azzara case is more appropriately construed as an addendum to the NHSP case complaint, the Azzara case will not be opened as a civil case, and no filing fee will be assessed.

5